UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

RICHARD MEEKS,

       Plaintiff,

vs.

JENIFER C. BACK, DMD, P.A. and SWEET SMILES HOLDING, INC.

       Defendants.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RICHARD MEEKS brings this action for unpaid minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) and the Florida Minimum Wage Act, Fla. Stat. § 448.110, unpaid wages, and unjust enrichment against Defendants Jenifer C. Back, DMD, P.A. and Sweet Smiles Holding, Inc., and alleges as follows:

## PARTIES

1. Plaintiff Richard Meeks (hereinafter "Plaintiff") is an individual who worked for Defendants from approximately January 2003 to February 2022. Plaintiff worked on-site at Defendant's dental practice, located at 3800 Clark Road, Sarasota, Florida 34233. At all material times hereto, Plaintiff was a resident of Sarasota County, Florida.

2. Defendant Sweet Smiles Holding, Inc. is an entity that owns the building that houses the dental practice, and maintains a principal place of business at 4476 McIntosh Lake Ave., Sarasota, Florida 34233.

3. Defendant Jenifer C. Back, DMD, P.A. is a dental practice owned and operated by Defendant Dr. Jenifer Back, located at 3800 Clark Road, Sarasota, Florida 34233.

## JURISDICTIONAL ALLEGATIONS

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action involves a federal question under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as these claims are related to Plaintiff's federal claims and arise from the same case or controversy as Plaintiff's FLSA claim.

6. This Court has original and personal jurisdiction in this action because Defendants engaged in business within the State of Florida, and the actions complained of occurred in Florida.

7. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the events giving rise to these claims occurred in this jurisdiction and Defendants conducted business in this jurisdiction.

## GENERAL ALLEGATIONS

8. This action is brought under the FLSA and Florida law to recover from Defendant unpaid minimum wages, unpaid straight-time wages, liquidated damages, other monetary damages, and reasonable attorney's fees and costs.

9. At all times material hereto, Plaintiff was an individual covered by the FLSA, as defined by 29 U.S.C. § 203(s)(1)(A)(i).

10. Plaintiff was employed by Defendant during the statutory period, as defined by 29 U.S.C. § 203(g).

11. Defendants own and operate a dental practice. Plaintiff's primary role since approximately January 2003 was the office manager. Plaintiff's duties included, but were not

limited to: keeping the books for the business, selling cases, collecting money, making appointments, buying office supplies, buying furniture and materials, purchasing dental supplies, maintenance, and the general running of the office. In addition, Plaintiff provided services specifically to Sweet Smiles Holding, Inc., which included handling Community Association complaints and issues, and providing building maintenance.

12.     Within the past two (2) years, Plaintiff single handedly handled applied for and procured COVID-19 related loans and grants for Defendants, including applying for benefits through the Paycheck Protection Program, HRSA, and SBA, among other programs.

13.     In completing these duties, Plaintiff regularly engaged in interstate commerce by (1) initiating and completing transactions with out-of-state merchants; (2) purchasing business materials, office supplies, furniture, and dental supplies that were both manufactured out-of-state and sold by vendors from other states; (3) applying for forgivable loans and grants with the federal government.

14.     Accordingly, Plaintiff was involved in interstate commerce.

15.     Plaintiff has satisfied all conditions precedent to bringing the claims included herein, or they have been waived. Specifically, Plaintiff sent Defendants a notice that he intended to make a claim for unpaid wages under the Florida Minimum Wage Act on May 31, 2022.

16.     Plaintiff has hired the undersigned attorneys and have agreed to pay them a reasonable fee.

17.     Plaintiff requests a jury trial on all issues so triable.

18.     This claim challenges Defendants' failure to pay Plaintiff any wages whatsoever during the statutory period.

19. At all material times, Plaintiff was an employee of Defendants, within the meaning of both Florida and Federal law.

20. Defendants routinely suffered or permitted Plaintiff to work approximately forty (40) hours per week.

21. Defendants failed to pay Plaintiff for any hours worked during the statutory period.

22. Defendants failed to pay Plaintiff any minimum wages during the statutory period.

23. Upon information and belief, the records, to the extent they exist, concerning the number of hours worked by Plaintiff are in the possession, custody, and control of Defendants. If the records become unavailable, Plaintiff may establish the hours he worked solely through his testimony, and the burden of overcoming such testimony shifts to the employers. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

24. Dr. Jenifer Back, the sole owner and operator of Defendants, is a sophisticated and educated individual who has hired and employed many people in the past twenty (20) years of doing business. Dr. Back has ample access to information and resources necessary for compliance with the FLSA and the FMWA, among other laws.

25. Upon information and belief, Defendants did not rely on professional legal advice or any Department of Labor opinions when they suffered or permitted Plaintiff to work, but failed to pay him any wages whatsoever for that work.

### COUNT I: UNPAID MINIMUM WAGES UNDER FLA. STAT. § 448.110

26. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-25 above into this Count, as if fully set out herein.

27. During the statutory period, Plaintiff was employed by Defendants within the meaning of Chapter 448, Florida Statutes.

28. Florida Statute $ 448.110 requires employers to pay employees the State mandated minimum wage for all hours worked.

29. Defendants failed to pay Plaintiff the State mandated minimum wage during the statutory period.

30. Defendants' unlawful conduct, as described in this Complaint, was willful and intentional. Defendants were or should have been aware that the practices described in this Complaint were unlawful. Defendants did not make a good faith effort to comply with Florida law with respect to the compensation of Plaintiff.

31. As a result of Defendants' intentional and willful violations of Florida law, Plaintiff has suffered damages, and is entitled to all unpaid minimum wages due, an equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs.

### COUNT II: UNPAID MINIMUM WAGES UNDER THE FLSA

32. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-25 above into this Count, as if fully set out herein.

33. The FLSA, 29 U.S.C. § 206, requires employers to pay all employees at least the minimum wage prescribed by Federal law.

34. At all times relevant hereto, Plaintiff was an individual engaged in interstate commerce, and accordingly was covered by the FLSA.

35. Defendants failed to pay Plaintiff any minimum wages whatsoever during the statutory period.

36. Defendants' unlawful conduct, as described in this Complaint, was willful and intentional. Defendants were or should have been aware that the practices described in this Complaint were unlawful. Defendants did not make a good faith effort to comply with the

FLSA with respect to the compensation of Plaintiff.

37. As a result of Defendants' intentional and willful violations of the FLSA, Plaintiff has suffered damages, and is entitled to all unpaid minimum wages due, an equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs.

### COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW

38. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-25 above into this Count, as if fully set out herein.

39. Florida common law provides that employees must be paid for all hours worked.

40. During the statutory period, Plaintiff was employed by Defendants, as defined by Chapter 48, Florida Statutes.

41. During the statutory period, Defendants suffered and permitted Plaintiff to work.

42. Defendants failed to pay Plaintiff any wages whatsoever in exchange for the work performed during the statutory period.

43. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to all unpaid wages due, prejudgment interest, and reasonable attorney's fees and costs incurred in bringing this claim.

### COUNT IV: UNJUST ENRICHMENT

44. Plaintiff incorporates and adopts all allegations contained in paragraphs 1-25 above into this Count, as if fully set out herein.

45. By providing services to Defendants as described herein, Plaintiff conferred a benefit upon Defendants, and Defendants have knowledge of that benefit.

46. Defendants accepted and retained the benefits conferred upon her by Plaintiff.

47. Under the circumstances, it would be inequitable for Defendants to retain the

benefits without payment of value for the benefits received.

48. As a result of Defendants' conduct and unjust enrichment, Plaintiff has suffered damages, and is entitled to an amount of payment commensurate with the value of the benefits received by Defendants, along with all taxable costs incurred in bringing this claim.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, and on all other issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant and for the damages listed in each Count herein, including unpaid minimum wages, unpaid overtime wages, unpaid wages, damages stemming from Defendant's breach of contract, liquidated damages, reasonable attorneys' fees and costs incurred in this matter, and all other relief that this Court deems just and appropriate.

DATED this 19th day of August, 2022, and respectfully submitted by:

/s/ Nicholas J. Castellano, II
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

/s/ Y. Drake Buckman, II
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
E-Mail: attorney@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone:   (941) 923-7700
Fax:         (941) 923-7736

*Attorneys for Plaintiff Richard Meeks*